UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ROCHELLE D. H.[1] , | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:19-CV-243-MGG |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff, Rochelle H. ("Ms. H.") seeks judicial review of the Social Security Commissioner's decision denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act. This Court may enter a ruling in this matter based on parties' consent pursuant to 28 U.S.C. §  636(b)(1)(B) and 42 U.S.C. § 405(g). For the reasons discussed below, the Court **REMANDS** the decision of the Commissioner of the Social Security Administration ("SSA").

**I.    OVERVIEW OF THE CASE**

Ms. H. applied for SSI on February 2, 2016. In her application, she alleged a disability onset date of October 1, 2015. Ms. H.'s applications were denied initially on June 8, 2016, and upon reconsideration on August 30, 2016. Following a hearing on January 8, 2018, the Administrative Law Judge ("ALJ") issued a decision on May 29,

---

[1] To protect privacy interests, and consistent with the recommendation of the Judicial Conference, the Court refers to the plaintiff by first name, middle initial, and last initial only.

2018, which affirmed the Social Security Administration's denial of benefits. The ALJ found that Ms. H. suffers from the following severe impairments: asthma, obesity, type II diabetes mellitus, neuropathy, headaches/sinusitis, major depressive disorder, anxiety disorder, attention deficit hyperactivity disorder, and panic disorder. The ALJ found that Ms. H. suffers from the non-severe impairments of hypertension, chest pain, hyperlipidemia/dyslipidemia, GERD, rhinitis, obstructive sleep apnea, eczema, degenerative changes in the thoracic spine, vision problems, and Cushing's syndrome. The ALJ also found that none of Ms. H.'s severe impairments, nor any combination of her impairments, met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Further, the ALJ found that Ms. H. had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 416.967(a) with certain additional limitations. Ms. H. has no past relevant work. The ALJ concluded, based on the testimony of the vocational expert, that Ms. H. had the ability to meet the requirements for employment as a production inspector, packager, and addressor as those jobs are defined by the Dictionary of Occupational Titles. Based upon these findings, the ALJ denied Ms. H.'s claim for SSI.

## II.   DISABILITY STANDARD

In order to qualify for SSI, a claimant must be "disabled" as defined under the Act. A person is disabled under the Act if "he or she has an inability to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner's five-step inquiry in evaluating claims for DIB and SSI under the Act includes determinations as to: (1) whether the claimant is doing substantial gainful activity ("SGA"); (2) whether the claimant's impairments are severe; (3) whether any of the claimant's impairments, alone or in combination, meet or equal one of the Listings in Appendix 1 to Subpart P of Part 404; (4) whether the claimant can perform her past relevant work based upon her RFC; and (5) whether the claimant is capable of performing other work. 20 C.F.R. § 416.920. The claimant bears the burden of proof at every step except the fifth. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

### III.    STANDARD OF REVIEW

This Court has authority to review a disability decision by the Commissioner pursuant to 42 U.S.C. § 405(g). However, this Court's role in reviewing Social Security cases is limited. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008). The Court must uphold the ALJ's decision so long as it is supported by substantial evidence. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014) (citing *Similia v. Astrue*, 573 F.3d 503, 513 (7th Cir. 2009)). Substantial evidence must be "more than a scintilla but may be less than a preponderance." *Skinner v. Astrue,* 478 F.3d 836, 841 (7th Cir. 2007). Substantial evidence has also bene understood as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *see also Summers v. Berryhill,* 864 F.3d 523, 526 (7th Cir. 2017). The Court reviews the entire administrative record to determine whether substantial evidence exists, but it may not reconsider facts, reweigh the evidence, resolve conflicts of evidence, decide questions of

credibility, or substitute its judgment for that of the ALJ. *Young v. Barnhart,* 362 F.3d 995, 1001 (7th Cir. 2004).

An ALJ's decision cannot stand if it lacks evidentiary support or inadequately discusses the issues. *Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). At a minimum, an ALJ must articulate his analysis of the record to allow the reviewing court to trace the path of his reasoning and to be assured the ALJ has considered the important evidence in the record. *Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002). The ALJ is not permitted to "cherry-pick" facts from the record to support a finding of non-disability. *Denton v. Astrue,* 596 F.3d 419, 425 (7th Cir. 2010). Further, an ALJ may not ignore an entire line of evidence contrary to his findings. *Zurawski v. Halter,* 245 F.3d 881, 888 (7th Cir. 2001). The ALJ is not required to address every piece of evidence in the record, but he must at least provide a glimpse into the reasoning behind his analysis to build the requisite "logical bridge" from the evidence to his conclusions. *Craft v. Astrue,* 539 F.3d 668, 673 (7th Cir. 2008).

### IV. ANALYSIS

#### A. Issues for Review

In challenging the ALJ's decision, Ms. H. points out two alleged errors in the ALJ's decision to deny Ms. H. of SSI. First, Ms. H. argues that the Commissioner erred in evaluating Ms. H.'s subjective symptoms[2]. Second, Ms. H. argues that the ALJ erred

---

[2] Ms. H. argues that the ALJ's "credibility determination" is without substantial support. The SSA rescinded SSR 96-7p for all cases filed after March 28, 2016. SSR 16-3p replaced SSR 96-7p, and SSR 16-3p removed the term "credibility" from the policies, clarifying that "subjective symptom evaluation is not an examination of an individual's character." SSR 16-3p, 2017 WL 5180304, at *2. While Ms. H. uses the term

4

in weighing the opinion of Ms. H.'s treating pulmonologist. Each issue will be addressed in turn.

### B. Errors in Weighing Dr. Smits' Opinion

In crafting an RFC, the ALJ must consider "all of the relevant medical and other evidence" in the record. 20 C.F.R. § 416.945(a)(3); *see also Craft v. Astrue*, 539 F.3d 668, 676 (7th Cir. 2008). Here, the ALJ supported his RFC analysis by presenting a summary of Ms. H.'s medical records, including a medical source statement dated October 20, 2016, from Ms. H.'s treating allergist and pulmonologist, Dr. William Smits, M.D. [DE 8 at 1084-87]. The ALJ only mentioned Dr. Smits' opinion briefly in two paragraphs discussing opinion statements the ALJ found to be consistent or inconsistent with the RFC. The ALJ found that the RFC was consistent with Dr. Smit's opinion that "claimant was not able to climb ladders, that she could occasionally twist, that she needed to avoid all exposure to temperature extremes, that she need to avoid concentrated exposure to wetness, and that she was capable of low stress work." [DE 8 at 31]. The ALJ then gave little weight to the following portions of Dr. Smits' opinion:

> [T]he claimant was able to walk 0 blocks with resting, that she was able to sit for just 2 hours at a time, that she was able to stand for just 10 minutes at a time, that she was able to stand/walk for a total of less than 2 hours in an eight-hour period, that she needed to take 30-minute long breaks every 4 hours, that she was able to lift and carry less than 10 pounds, that she could rarely stoop and climb stairs, that she could not crouch at all, that she would be off task 25% or more of the time, that she would be absent from work more than 4 times per months, and that she needed to avoid all exposure to high humidity, cigarette smoke, perfumes, soldering fluxes, solvents, chemicals, cleaners, odors, dust, and gases.

---

credibility in her arguments, the Court will follow SSR 16-3p and discuss Ms. H.'s subjective symptoms without assessing "credibility."

5

[DE 8 at 32].

The ALJ did not weigh Dr. Smits' opinion as a whole or on its own. Instead, the ALJ gave "little weight" to individual statements from multiple medical opinions in the same paragraph. [DE 8 at 32]. The ALJ then explained that all of the limitations in that paragraph were "rather extreme in nature," and not consistent with the evidence in the record. [*Id.*]. Ms. H. asserts that the ALJ failed to properly build a logical bridge from the medical evidence to his conclusions in weighing Dr. Smits' opinions.

ALJs are required to consider every medical opinion in a claimant's records. 20 C.F.R. § 416.927. A medical opinion from a treating source is generally given more weight because of the medical professional's longitudinal experience with the claimant's impairments and treatment. *Id.* § 416.927(c)(2). A treating source opinion is given controlling weight unless the ALJ finds that the opinion (1) is not "well-supported by medically acceptable clinical and laboratory diagnostic techniques," or (2) is inconsistent with "the other substantial evidence" in the case record. *Id.* Where a treating source opinion is not given controlling weight, the ALJ must consider the examining relationship, treatment relationship, length of relationship and frequency of visits, and nature and extent of the relationship to explain why the opinion is discounted. *Id.* § 416.927(c); *see also Gerstner v. Berryhill*, 879 F.3d 257, 263 (7th Cir. 2018). Ms. H. contends that the ALJ did not indicate if or how he considered the Section 927(c) factors in analyzing Dr. Smits' opinion, and that the ALJ failed to provide the requisite logical bridge in his reasoning.

The ALJ relied on a lack of emergency room visits for Ms. H.'s severe impairments in dismissing portions of Dr. Smits' opinion. [DE 8 at 32]. However, the ALJ directly contradicts these statements earlier in the decision, where the ALJ acknowledged that Ms. H. was hospitalized for pneumonia in December 2015, as well as sought emergency room treatment four times between September 2016 and September 2017. [DE 8 at 29]. All of these hospital visits were due to respiratory issues directly related to either her asthma and other pulmonary impairments or her mental health impairments. On September 8, 2016, Ms. H. presented to the emergency department complaining of shortness of breath and anxiety. [DE 8 at 923]. She was "noted to be tachypneic and hypertensive." [*Id.*]. The emergency room physician believed she was having a panic attack, and she was "obviously hyperventilating." [DE 8 at 923-24]. In February 2017, Ms. H. presented to the emergency room with shortness of breath, coughing, and an elevated respiratory rate. [DE 8 at 903]. A few days later, Ms. H. returned to the emergency room complaining of a cough, shortness of breath, and wheezing which was worsening. [DE 8 at 968]. On September 23, 2017, Ms. H. again presented to the emergency department with complaints of cough, congestion, and shortness of breath. [DE 8 at 995]. The Hospital noted that she likely had a "mild acute asthma exacerbation." [*Id.*]. The ALJ erred in dismissing large portions of Dr. Smits' opinion due to a lack of emergency medical treatment, as Ms. H. received emergency treatment four times in the course of a year. The ALJ acknowledged these emergency room visits earlier in the decision, yet he appears to have forgotten about

them in weighing medical opinions. The ALJ failed to build a logical bridge between the evidence and the conclusion.

The ALJ provided little weight to Dr. Smits' opinion that Ms. H. would rarely be able to climb stairs, would be absent from work more than four times per month, and would need to avoid all exposure to high humidity, cigarette smoke, perfumes, soldering fluxes, solvents, chemicals, fumes, cleaners, odors, dust, and gases. [DE 8 at 32]. Such limitations are consistent with upper respiratory limitations and emergency treatment for upper respiratory limitations. Ms. H.'s frequent emergency room visits for upper respiratory impairments supports Dr. Smits' opinion that she requires limitations related to upper respiratory impairments. The ALJ's failure to acknowledge emergency room treatment notes that support Ms. H.'s limitations due to her asthma and respiratory impairments is in error.

Moreover, Dr. Smits' opinion is consistent with many other opinions in the record. In fact, many of the opinions that the ALJ provided "little weight" in one large paragraph were consistent with each other, yet the ALJ did not acknowledge or discuss their consistency. [DE 8 at 32]. Jessica Sleesman, NP and Donna Doerffler, FNP also opined that Ms. H. would be limited in ability to stand and walk, that she would absent for 3-4 days per month, that she would be limited in her ability to stoop or crouch, and that she would need to avoid exposure to multiple irritants or allergens. [*Id.*]. Denise Wells, MSW LSW also opined that Ms. H. would be absent from work more than 3 times per month. [*Id.*]. Dr. Smits' opinion was therefore consistent with multiple other

opinions in the record. The ALJ failed to acknowledge or discuss this when he found that these opinions were inconsistent with the medical record.

The Commissioner asserts that Dr. Smits' opinion is contrasted by Ms. H.'s report to the consultative examiner that she could sit indefinitely. However, the ALJ did not contrast Dr. Smits' opinion with this report to the consultative examiner, and this is improper *post hoc* justification. *See, e.g.*, *Spiva v. Astrue*, 628 F.3d 346, 348 (7th Cir. 2010). The ALJ did not provide any such discussion of how Dr. Smits' opinion was contradicted by statements made at the consultative examination. Moreover, one instance of Dr. Smits' opinion being contradicted by an isolated statement by Ms. H. does not absolve the ALJ from his failure to discuss how Dr. Smits' opinion was consistent with multiple other opinions in the record.

Ms. H. makes other arguments regarding her subjective symptom allegations and the RFC, but since the Court is remanding based on errors in the analysis of Dr. Smits' opinion, the Court need not discuss those other arguments at this time. The ALJ will have the opportunity to fully discuss and reevaluate the rest of Ms. H.'s allegations on remand. This is not to say that there are no other errors in the subjective symptom allegations or the RFC determination, but the Court need not discuss them when errors are already present in the ALJ's analysis and discussion.

V.     CONCLUSION

For the reasons stated above, the ALJ failed to support his decision finding Ms. H. is not disabled with substantial evidence. *See Kastner v. Astrue,* 697 F.3d 642, 646 (7th

Cir. 2012); *Scott,* 297 F.3d at 595. Accordingly, the Commissioner's decision is

**REMANDED** for further consideration consistent with this opinion.

    **SO ORDERED** this 10th day of March 2021.

                                                s/Michael G. Gotsch, Sr.
                                                Michael G. Gotsch, Sr.
                                                United States Magistrate Judge